(70 Misc. Rep. 402.)

### HOYT v. CITY OF NEW ROCHELLE.

(Supreme Court, Special Term, Westchester County.   January 30, 1911.)

1. MUNICIPAL CORPORATIONS   (§ 204*)—EMPLOYÉS—SUSPENSION—COMPENSATION.

   The voluntary reinstatement, after a suspension of 13 or 14 months, of a sewer inspector appointed under the civil service laws, without proceedings by him to secure reinstatement, do not establish a wrongful discharge in the first instance, and do not entitle him to compensation for the period during which he was suspended.

   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 204.*]

2. MUNICIPAL CORPORATIONS   (§ 204*)—EMPLOYÉS—SUSPENSION—COMPENSATION.

   The suspension by the board of public works of a city of a sewer inspector, appointed under the civil service laws, because of lack of work and lack of funds, the inspector being put back in his position as soon as there was work for him to do and money with which to pay him, was not a wrongful act and showed no bad faith on the part of the board.

   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 204.*]

3. MUNICIPAL CORPORATIONS   (§ 204*)—EMPLOYÉS—SUSPENSION—COMPENSATION.

   Where, during the time a sewer inspector, who was appointed under the civil service laws and who was an exempt volunteer fireman, was laid off, what work there was for a sewer inspector was performed by another inspector, who was also an exempt fireman, the suspended inspector is not entitled to recover compensation for the time of his suspension.

   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 204.*]

4. MUNICIPAL CORPORATIONS   (§ 204*)—EMPLOYÉS—SUSPENSION—COMPENSATION.

   Where the board of public works of a city had no notice when a sewer inspector was suspended, or prior thereto, that he was an exempt fireman, or had or claimed any preference over any other sewer inspector, he was not entitled to compensation for the time of his suspension.

   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 204.*]

Action by Soulice D. Hoyt against the City of New Rochelle.   Verdict directed for defendant.

Ira Jay Dutton, for plaintiff.
Hugh M. Harmer, for defendant.

TOMPKINS, J.   Upon the trial of this action which was before the court and a jury, both parties asked the court for a direction of a verdict, and the court thereupon, with the consent of both parties, took the case from the jury and reserved its decision.   Counsel have not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

submitted the pleadings, nor have I before me the evidence taken at the trial; so that I cannot give a detailed statement of the facts claimed, admitted, or proved.

In brief, the plaintiff's claim is, and it is admitted, that for some time prior to February, 1908, he was a sewer inspector of the city of New Rochelle, appointed by the board of public works of said city, having previously passed an examination under the civil service law, receiving a salary of $100 per month, and that during all of that time he was and now is an exempt volunteer fireman. About the 1st of February, 1908, he was suspended, and in March, 1909, was reinstated by the said board of public works in the same position, and has ever since held the same; and this action is to recover the salary at the rate of $100 per month, from the time of his suspension to the date of his reinstatement. The reinstatement was voluntary; no mandamus proceeding having been instituted by the plaintiff.

My conclusion upon the whole case is that a verdict should be directed in favor of the defendant, and the following are my reasons:

First. Plaintiff did not secure his reinstatement by mandamus, nor did he institute any proceedings to secure his reinstatement, and it does not seem to me that his voluntary reinstatement after the expiration of 13 or 14 months, with no proceeding in the meantime on his part, to secure reinstatement, can be regarded as establishing the fact of a wrongful discharge by the said board of public works, in the first instance.

Second. The plaintiff was laid off or suspended by the board of public works of the city, because of lack of work and a lack of funds, and was put back in his position as soon as there was work for him to do and money with which to pay him, and there was no wrongful act or bad faith on the part of the said board of public works.

Third. What little work there was for a sewer inspector during the time the plaintiff was laid off was performed by another sewer inspector of the city, who was also an exempt fireman, and was paid for by the city.

Fourth. It appears without dispute that the board of public works of the defendant had no knowledge or notice at the time the plaintiff was suspended, or prior thereto, that he was an exempt fireman, or had or claimed to have any preference over any other sewer inspector in the employ of the defendant.

For these reasons a verdict is directed in favor of the defendant.